# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

**UNITED STATES OF AMERICA,**
                Plaintiff,

v.

**MICHAEL G. McPHERSON,**
                Defendant.

Case No. MJ19-5026

**DETENTION ORDER**

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that: no condition or combination of conditions will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community. 18 U.S.C. Sect. 3142(e),(g).

The Court did not consider the Government's proffer of the possible assets that the defendant may have acquired through gambling at casinos.

A presumption of detention – under 18 U.S.C. Sect. 3142(e)(3)(A), and Sect. 3142(e)(3)((B) -- applies in this situation, because the defendant is charged with Possession with Intent to Distribute of Methamphetamine and Heroin, involving 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, under 21 U.S.C. Sect. 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C). Dkt. 1, Complaint at 2-3 -- and the defendant is also charged with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, under 8 U.S.C. Sect. 924(c)(1)(A)(i)and 2. Dkt. 1 at 3. The defendant has not overcome the presumption.

The government met its burden of proving by a preponderance of the evidence that the defendant presents a significant risk of non-appearance based on the defendant's history concerning failure to follow court orders. Dkt. 10, First Supplemental Pretrial Services Report at 2-3, 5-6. The proposed placement at the residence of the defendant's mother is the same residence where he was ordered to reside when the Pierce County Superior Court released him on bail with conditions. According to the Supplemental Pretrial Services Report, and the Government's proffer, the defendant failed to live at his mother's residence in 2019, violating Pierce County Superior Court's order of release dated September 25, 2018. *Id.* at 2, 6-7.

The Court also finds the government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to others and to the community. As the Government pointed out during the detention hearing, the defendant was involved with a drug distribution effort – during a search of his residence in Bonney Lake, Washington (not the residence of his mother, but the another residence where he was residing on September 12, 2018) the investigators seized from the defendant's bedroom more than 100 grams of heroin and more than 100 grams of methamphetamine. Dkt. 1, Complaint at 5. Also seized by the authorities during the search of the defendant's residence: several firearms, ammunition, cash, records associated with logging drugs bought and sold, suspected drug scales and packaging. Dkt. 1 at 5-6. In addition, the Government's attorney stated during the hearing – and the Supplemental Pretrial Services Report also indicates -- that after the events in September of 2018 that resulted in charges in this case, more search warrants were executed, and from those searches of the defendant's vehicles, a storage unit, and his current 2019 address (not his mother's residence) in Federal Way, Washington, the agents discovered additional weapons, ammunition, and also body armor. Dkt. 10 at 2-3, 7.

Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions, or combination of conditions of release that would effectively mitigate the potential for danger to the community, or risk of non-appearance. Even with diligent supervision by United States Probation and Pretrial Services, including GPS electronic monitoring, every phone call to or from the defendant cannot be monitored. Nor would the probation and pretrial services professionals be able to control other people who might come to the residence where the defendant may be residing.

Although the defendant has positive relationships with his family, the proposed placement with his mother at her residence, under her supervision as a third party custodian, does not appear to be stable or reliable in terms of regulating his ability to control his behavior at this time. The defendant's mother, and sister, who reside at the mother's residence, work during the daytime. They would not be present to keep track of the defendant's activities during their working hours. The defendant has not had gainful, lawful employment since 2015. The circumstances of the current offense, and the more recent searches of his home, cars, and storage unit, shows extreme danger to the community because of the defendant's alleged possession of numerous firearms, and ammunition, and his involvement in possession with intent to distribute heroin and methamphetamine – illegal drugs with very destructive and addictive qualities. According to the Supplemental Pretrial Services Report, he has several criminal convictions – including Assault in the Fourth Degree, Controlled Substances Violations, Driving While Under the Influence, and Operating a Vehicle Without Ignition Interlock Device; he failed to follow court orders by failing to appear in 2009 and again in 2019; he had numerous bench warrants between 2007-2018; he also violated court-ordered conditions of a deferral in 2007, and violated court-ordered conditions

of release in 2016. And, he violated terms of his 2018 release on bond in Pierce County Superior Court by failing to reside at his mother's home in 2019. Dkt. 10, Supplemental Pretrial Services Report, at 3-7. The Government is not required to produce evidence of prior convictions for violent crimes, nor is the Court required to rely on such evidence, when making a determination of the defendant's potential for serious risk of dangerousness. *United States v. Hir,* 571 F.3d 1081, 1091-92 (9th Cir. 2008); *United States v. Rodriguez,* 950 F.2d 85, 88-89 (2d Cir. 1991).

This finding, that the presumption of detention has not been overcome, is based on 1) the nature and circumstances of the offense(s) charged, 2) the history and characteristics of the person; and 3) the nature and seriousness of the danger release would impose to any person or the community; and (4) the potential for flight or failure to appear.

*Order of Detention*

- The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
- The defendant shall be afforded reasonable opportunity for private consultation with counsel.
- The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

March 27, 2019

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge